# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELIZABETH BECKETTS** | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | NO. 18-0839 |
| v. | : | |
| | : | |
| **ANDREW SAUL, Commissioner of the** | : | |
| **Social Security Administration** | : | |
| *Defendant* | : | |

# O R D E R

**AND NOW**, this 3rd day of October 2019, upon a careful and independent consideration of the administrative record, [ECF 9], the *Report and Recommendation* (the "R&R") issued on August 21, 2019, by the Honorable Richard A. Lloret, United States Magistrate Judge, [ECF 18], the objections to the R&R filed by Plaintiff Elizabeth Becketts ("Plaintiff"), [ECF 19], and Defendant's response to Plaintiff's objections, [ECF 21], it is hereby **ORDERED** that:

1. Plaintiff's objections are **OVERRULED**;

2. The *Report and Recommendation* is **APPROVED** and **ADOPTED**;

3. The decision of the Commissioner of the Social Security Administration is **AFFIRMED**; and

4. Plaintiff's complaint seeking judicial review pursuant to 42 U.S.C. § 405(g) is **DISMISSED**.[1]

---

[1] In the R&R, the Magistrate Judge recommended the denial of Plaintiff's request for review of an unfavorable decision rendered by an Administrative Law Judge ("ALJ") on her disability insurance benefits ("DIB") claim. Plaintiff filed timely objections.

When considering objections to a magistrate judge's R&R, a court must undertake a *de novo* review of the portions of the R&R to which a plaintiff has objected. *See* 28 U.S.C. § 636(b)(1); *Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 250 (3d Cir. 1998). The court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Judicial review of an ALJ's decision is, however, limited in scope. In reviewing the Commissioner's final determination that a person is not disabled and, therefore, not entitled to Social Security benefits, the court may not independently weigh the evidence or substitute its own conclusions for those of the ALJ. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011); *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002). Instead, the court must review the administrative factual findings in order to determine whether the ALJ's findings are supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). Substantial evidence constitutes that which a "reasonable mind might accept as adequate to support a conclusion." *Rutherford*, 399

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

F.3d at 552. "It is 'more than a mere scintilla but may be somewhat less than a preponderance of the evidence.'" *Id.* (quoting *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971)). If the ALJ's decision is supported by substantial evidence, the court may not set it aside "even if [the court] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).

After conducting the five-step sequential evaluation process for determining whether a person is disabled (*see* 20 C.F.R. § 416.920(a)), the ALJ found that Plaintiff suffered the following severe impairments: cervical degenerative disc disease status-post fusion, lumbar degenerative disc disease, depression, and an anxiety disorder which singly or in combination, did not meet or equal the criteria of any of the Listings. After considering the totality of the evidence presented, the ALJ concluded that Plaintiff retained a residual functional capacity ("RFC") that allowed her to perform light work, subject to certain limitations, such that she was able to adjust to work that exists in significant numbers in the national and regional economy and was, therefore, not disabled within the meaning of the Social Security Act.

Upon judicial review, the Magistrate Judge found that the administrative record contained substantial evidence to support the ALJ's findings. Plaintiff objects to the Magistrate Judge's findings. Her objections, however, are essentially the same challenges made in her initial appeal brief; *to wit*: that the ALJ erred by failing to give "great weight" to the opinion of Plaintiff's treating physician, Dr. Mannino; improperly giving "great weight" to the opinion of the state agency non-examining reviewer; and not fully and adequately considering Plaintiff's long work history when evaluating her subjective complaints of pain.

This Court finds that Plaintiff's objections lack merit. After a careful *de novo* review of Plaintiff's objections, the ALJ's decision, the underlying administrative record, the parties' briefs, and the R&R, this Court finds that the Magistrate Judge correctly addressed the issues initially presented on appeal and again by the underlying objections. Indeed, in his 25-page, well-reasoned R&R, the Magistrate Judge thoroughly and carefully addressed each of the issues raised. For example, though the Magistrate Judge recognized that the ALJ failed to reference two forms completed by Dr. Mannino that referenced various limitations, he correctly noted that the ALJ thoroughly addressed Dr. Mannino's later physical capacities opinion, which addressed many of the same limitations. The Magistrate Judge also correctly noted that while the ALJ did not appear to give much weight to Plaintiff's long work history when assessing her subjective level of pain, the ALJ's consideration of multiple other factors and evidence supported the ALJ's ultimate conclusions.

A review of the administrative record makes clear that the ALJ considered all relevant evidence and opinions. The factual findings made by the ALJ are supported by substantial evidence of record, are within the providence of the ALJ, and applied the correct legal standards. This Court, therefore, concludes that the Magistrate Judge did not commit error in the R&R. Accordingly, the objections are overruled.